# Keiser's Estate.

*Decedents' estates — Inventory and appraisement — Securities in safe-deposit boxes—Gifts inter vivos.*

1. Securities in a safe-deposit box of the decedent should be included in the inventory of his estate, although there were coupon bonds therein with papers indicating a transfer of ownership to his daughters without anything to show delivery, but with evidence that he had collected the coupons and deposited the proceeds thereof in his lifetime in his own bank account.

2. If such securities are not included in the original inventory, they should be included in a supplemental inventory and appraisement, so that the title to them may be judicially determined.

Petition for citation to compel filing of supplemental inventory and appraisement. O. C. Schuylkill Co.

*Otto E. Farquhar, George H. Kaercher* and *Edmonds & Obermayer,* for petitioner.

*Cornelius Comegys, Robert M. Boyle, Roberts & Montgomery, George A. Maene* and *A. L. Shay,* contra.

WILHELM, J., Jan. 5, 1925.—This is the petition of Frances K. Keiser, widow of George M. Keiser, for a citation to issue to the Girard Trust Company, Frances H. Keiser, Edwin W. Ives and T. S. Quinn, executors of the last will and testament of George M. Keiser, deceased, to show cause why they should not file a supplemental inventory and appraisement, and why the bonds and other personal property inventoried in the fifth paragraph of the petition should not be included in such supplemental inventory and appraisement.

The facts contained in the petition are practically admitted in the answer, and the fifth clause of the petition asserts that the executors have failed and omitted to include and have appraised according to law certain bonds and other personal property owned and held by the deceased at the time of his death, said bonds aggregating $151,000; detached coupons to the value of $2250; $2000 England-Walton & Co., first mortgage bonds; $1200 Missouri, Kansas, Texas Railroad Company bonds.

It appears that George M. Keiser and his sister, Frances H. Keiser, rented two safe-deposit boxes in their joint names in the Girard Trust Company, and after the death of the said George M. Keiser, one of the boxes was found to contain property belonging exclusively to the said Frances H. Keiser. The other box was found to contain $151,000 bonds, described in paragraph five,

Keiser's Estate.

and there was also contained in said box a paper containing the name of Nellie Josephine Keiser, a daughter, a copy of which is as follows:

"PROPERTY OF

Nelly Josephine Keiser

My dear daughter

$50,000.00

Bonds (Par Value)

Stocks (Number of Shares)

Description

Federal farm land Bank

Date of Maturity

When Callable and at What Price

Numbers of Bonds or Stock Certificates

| Income Payable | | Information Required for Bonds | |
|---|---|---|---|
| Jan | July | Federal Ownership Certificate Required | Penna. State Tax |
| Feb | Aug | | |
| Mar. | Sept. | White | Free of |
| Apr. | Oct. | Yellow | Subject to |
| May | Nov. | Green | Refunded |
| June | Dec. | | |

Through Whom Purchased

Nelly I hope after I am gone you will deem it best to put them in trust for yourself for safe keeping.

GEO. M. KEISER     DAD

Date     Price

Girard Trust Company
Broad and Chestnut Sts.
Philadelphia, Pa."

And an assignment by George M. Keiser to Ellen Josephine Keiser, a copy of which is as follows:

"GEORGE M. KEISER

Miner and Shipper of Anthracite Coal

Pottsville, Pennsylvania.

Know All Men by These Presents, that I, George M. Keiser, of Pottsville, Schuylkill County, Pennsylvania, in consideration of the sum of one dollar lawful money of the United States to me in hand paid before the ensealing

Keiser's Estate.

and delivery of these presents, the receipt whereof is hereby acknowledged and of other good and valuable consideration, have sold, assigned, transferred and set over and by these presents, do sell, assign, transfer and set over unto Ellen Josephine Keiser of the same place, her executors, administrators and assigns to and for her and their own proper use and benefit:

|  | 50,000 Coupon bonds the United States of America Second |
| Exchanged | Liberty loan Converted 4¼ Gold Bonds of 1927— |
| for | 1942 payable May 15 Nov 15 |
| Federal Land | No. E 00024190 —D00024199 inc |
| Bank | XM210096   210097— 210098,   $10,000 each |
|  | M 328-9-30-1-2-3-4-5-6-7-8-9-40-1-2-3-4-5-100 each |

M326M327—

In Witness Whereof, I have hereunto set my hand and seal this 4th day of February, in the year of one thousand nine hundred and twenty-one (1921)

GEO. M. KEISER    [Seal]

Signed, sealed and delivered
   in the presence of:

FRANCIS S. FREILER                                          Witness
   Notary Public                                    SYLVESTER HOGAN
My Commission Expires April 1st, 1923.

These 50000 U.S. Bonds are being transferred into Federal land bank and other indebtedness of the U.S. Gov. on a/c of the tax free claim.

GEO. M. KEISER Mar 15,23."

And a similar set of papers, respectively containing the name of Frances E. Keiser and Karline Keiser, daughters.

The petitioner asserts that, notwithstanding the papers purported to be an assignment of the securities to the three daughters, respectively, the $151,000 securities first described in paragraph five were the property of George M. Keiser at the time of his death and are a part of the assets of his estate, and that the same should have been included in the inventory and appraisement filed by the executors because he never parted with dominion over said securities, and always kept them in his lifetime in his possession, detached coupons therefrom from time to time, and deposited said coupons in his own account, and "used said income as his own," and never accounted to his three daughters mentioned in said envelopes and written instruments for the income from said securities; that the ten coupons aggregating $2250 were detached from the bonds by the decedent in his lifetime and by him delivered to the Safe Deposit Bank of Pottsville with instructions to said bank to credit them to his personal account; that the said $2000 England-Walton & Co. first mortgage bonds and the $1200 Missouri, Kansas & Texas Railroad bonds were found by the executors in the safe-deposit box of the said George M. Keiser in the Safe Deposit Bank of Pottsville, together with other stocks and bonds belonging to said decedent.

The question of ownership of the securities mentioned in paragraph five of the petition is raised by the facts contained in the petition and answer. On account of the memoranda and paper lodged with the securities, three minor daughters claim them, and assert that the securities belong to the minors.

The ownership of these securities should not be decided in this proceeding. The petitioner does not deny that the question of ownership, under the facts in the case, has arisen, and her position is that the title to these securities cannot be decided by the executors, but is a question that should be judicially determined, and the proper time and place for that determination is upon the audit and adjudication of the account.

The *prima facie* title to these securities appears to be in the decedent, because they were found in a lock-box rented in the name of the decedent and his sister, and we understand the sister disclaims title to them. It follows, therefore, that the securities were in the sole possession of the decedent, and no testimony has been here presented for the purpose of overcoming the presumption that the securities were the property of the decedent; and this proceeding, as we understand it, has not been prosecuted and defended with that end in view.

The sole question here is, Should the securities have been included in the inventory and appraisement? It appears to be undisputed that the securities were found in the sole possession of the decedent. There is some evidence that he exercised dominion and control over them down to the time of his death. The presumptive title is, therefore, in George M. Keiser, and the act of assembly requires all bonds, notes and other evidences of debt or any other property owned or held by the deceased shall be included in the inventory.

It was suggested at the time of the argument that the position of the executors in not including the securities in the inventory and appraisement was merely precautionary; that they declined to assert that the securities in question were a part of the estate, and thereby assume an unnecessary liability. Their attitude in this proceeding fully protects them in that respect.

And now, Jan. 5, 1925, it is ordered and directed that the executors file a supplemental inventory and appraisement, including therein all the securities described in paragraph five of the petition, and all other personal property owned or held by the decedent, as far as the same may be known to the executors.                              From M. M. Burke, Shenandoah, Pa.